IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-HC-2052-BO

| | |
|---|---|
| JAKIEM L. WILSON, )<br>Petitioner, )<br>)<br>v. )<br>)<br>NCDOC, )<br>Respondent. ) | O R D E R |

Jakiem L. Wilson, a state prisoner, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Now before the court is petitioner's motion to reconsider the requirement of the payment of the $ 5.00 filing fee (D.E. # 11) and petitioner's motion for appointment of counsel (D.E. # 8).

First, on September 1, 2011, petitioner paid the filing fee (see docket). Therefore the motion seeking to reconsider the order requiring payment of the filing fee is DENIED as MOOT (D.E. # 11).

Secondly, the court turns to the motion for appointment of counsel (D.E. # 8). It is well-established that there is no constitutional right to counsel in civil cases. *See Lyles v. Signal*, 1997 WL 577651, at *1 (4th Cir. 1997) (unpublished); *Caruth v. Pinkney*, 683 F.2d 1044, 1048 (7th Cir. 1982), *cert. denied*, 459 U.S. 1214 (1983). However, the district court is authorized under 18 U.S.C. § 3006A(a)(2)(B) to appoint counsel to represent a habeas petitioner when the interests of justice so require and the petitioner is financially unable to obtain representation. The request has been reviewed and the undersigned finds that this case does not presently require appointment of counsel. The motion for appointment of counsel is DENIED (D.E. # 8).

For the above stated reasons, the motion for reconsideration is DENIED as MOOT (D.E. # 11), and the motion for appoint of counsel is DENIED (D.E.# 8).

SO ORDERED, this ___ day of November 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE